MEMORANDUM OPINION
{¶ 1} On September 7, 2007, appellant/cross-appellee, Julian Loube, M.D., filed a notice of appeal from an August 27, 2007 judgment entry of the Lake County Court of Common Pleas, Probate Division. On September 17, 2007, appellee/cross-appellant, Emily Loube, filed a cross-appeal from the August 27 entry.[1]
 {¶ 2} In the August 27 entry, the trial court granted the motion to dismiss the application of guardian filed July 18, 2007, for lack of jurisdiction and due to res judicata. The court also denied the motion to award attorney fees and litigation expenses *Page 2 
incurred in the application for appointment filed October 13, 2006, due to the applicant's frivolous conduct.
 {¶ 3} On January 29, 2008, appellee moved this court to dismiss this appeal because the merits of the appeal have been rendered moot due to the death of Samuel D. Loube, M.D. In support of her motion, appellee notes that the underlying proceedings involve applications for the guardianship of Samuel D. Loube, M.D., and that the merits of the judgment are no longer at issue since he died on January 3, 2008.[2]
 {¶ 4} Generally, the death of a ward renders any issue pertaining to the appointment of the guardian moot. In re Bush, 11th Dist. No. 2000-L-165, 2001 Ohio App. LEXIS 3916, at 3. Thus, here, since the appealed judgment relates to the issue of appointment of a guardian, there is no need for the court to address the merits of that decision.
 {¶ 5} Based upon the foregoing analysis, appellee's motion to dismiss is granted, and the instant appeal is hereby dismissed as moot. However, the cross-appeal shall proceed since the issue on cross-appeal does not pertain to the appointment of a guardian. Instead, it has to do with the trial court's denial of appellee's motion for attorneys' fees.
 {¶ 6} Appeal dismissed. Cross-appeal shall proceed on the issue of attorney fees.
CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur.
[1] For purposes of this opinion, appellant/cross-appellee will be referred to as appellant and appellee/cross-appellant will be referred to as appellee.
[2] We note that even though a death certificate has not been submitted to this court as proof of the death of the ward, Samuel D. Loube, M.D., appellant has not opposed the motion to dismiss or challenged the assertion that the ward has died. *Page 1